**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                          **4:17-CR-00107-01-SWW**

**TYRONE ANTHONY POPE**

## ORDER

For the reasons set out below, Defendant's Motion for Compassionate

Release (Doc. No. 48) is DENIED.

## I.     BACKGROUND

On March 19, 2019, Defendant pled guilty to possession with intent to

distribute methamphetamine.[1]  On June 25, 2019, he was sentenced to 117 months

in prison.[2]

## II.     DISCUSSION

Although the First Step Act made the procedural hurdles for compassionate

release a bit less strenuous, a defendant still must establish "extraordinary and

---

[1]Doc. Nos. 39, 40.

[2]Doc. Nos. 45, 46.

compelling reasons" and that release would not be contrary to the 18 U.S.C. §

3553(a) factors.[3]

In support of his motion, Defendant alleges that he suffers from anxiety and

"end-stage glaucoma."[4]  Defendant asserts that "COVID-19 has significantly

limited the BOP's ability to correctly and effectively treat" his health conditions.[5]

The Court finds that Defendant has failed to allege facts showing that relief is

warranted in his case.  First, end-stage glaucoma and anxiety are not

"extraordinary and compelling" reasons to support his release.  Although the First

Step Act did not define this phrase, it defers to the United States Sentencing

Guidelines, which set out examples.[6]  Defendant's health conditions are not listed.

---

[3]18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the
offense, afford adequate deterrence, protect the public, and provide the defendant with
appropriate rehabilitation.

[4]Doc. No. 48.

[5]Doc. No. 48.

[6]Of course, this list predates the COVID-19 outbreak.  U.S.S.G § 1B1.13 cmt. n. 1.  The
examples are: (1) the defendant's medical condition is such that he suffers from a "terminal
illness" or the condition "substantially diminishes the ability of the defendant to provide self-care
within the environment of a correctional facility and from which he or she is not expected to
recover"; (2) "[t]he defendant (I) is at least 65 years old; (ii) is experiencing a serious
deterioration in physical or mental health because of the aging process; and (iii) has served at
least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the
defendant's family circumstances include either "(I) The death or incapacitation of the caregiver
of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's
spouse or registered partner when the defendant would be the only available caregiver for the
spouse or registered partner."

Defendant has provided no argument or evidence to show that his health conditions, at this time, are severe enough to prevent him from independently functioning within the prison. Additionally, he has provided no records that he has sought and been denied treatment while in the Bureau of Prisons. Second, to the extent it is it being alleged by Defendant, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[7] Third, Defendant is 38 years old and has served less than 10% of his sentence, which means he does not meet the age and minimum served-time requirement under the Guidelines.

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Since age 24, Defendant has had six convictions, which include possession of Xanax, two convictions for being a felon in possession of a firearm, maintaining a drug premises, and two convictions for possession with intent to deliver methamphetamine. Notably, the methamphetamine convictions involve the same

---

[7]*United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

behavior as the instant offense.  In fact, Defendant committed the instant offense while on parole for a prior drug and gun conviction.

The severity of the instant offense must also be considered.  Defendant, who was a parole absconder at the time, was distributing large quantities of methamphetamine in Conway, Arkansas.  When officers searched Defendant's home, they found 457 grams of methamphetamine, over an ounce of marijuana, ecstasy, two loaded handguns (one was stolen), a rifle, digital scales, and a pipe for smoking methamphetamine.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 48) is DENIED.

IT IS SO ORDERED, this 20th day of July, 2020.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE